NOT DESIGNATED FOR PUBLICATION

No.125,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

XAVIER LEE MCCRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge Submitted without oral argument. Opinion filed October 18, 2024. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Daniel E. Burrows*, chief deputy attorney general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Xavier McCray asks this court to expand the classification of out-of-state convictions to include the theory of liability—not just the crime of conviction. During sentencing the district court included McCray's prior out-of-state Illinois conviction for aggravated discharge of a firearm when calculating his criminal history score. However, McCray argues that because the prior out-of-state conviction stemmed from McCray's involvement in a common criminal scheme where he was held criminally accountable for the conduct of another, the district court must also determine whether the theory of liability in Illinois is identical to or narrower than the Kansas statute extending

1

liability. McCray claimed at the district court, and again on appeal, that the Illinois theory of liability extending criminal liability for the conduct of another was broader than the Kansas theory and thus the Illinois conviction should be classified as a nonperson felony. McCray's argument is unavailing.

In Illinois and Kansas, theories of liability extending criminal liability to the defendants for the conduct of another are not separate, independent criminal convictions and are not used to calculate a defendant's criminal history score. The district court did not err in refusing to consider whether the Illinois theory of liability extending criminal liability for the conduct of another was identical to or narrower than the comparable Kansas statute. The district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2018, McCray pled guilty to unlawful possession of a controlled substance and criminal possession of a firearm by a felon for an incident that occurred in February 2016. As part of this plea agreement, the State dismissed several other charges from that same incident. The details of McCray's Kansas criminal activity are not relevant to this appeal. McCray's sentencing in this case was delayed until 2022 because McCray was incarcerated out of state.

McCray's presentence investigation (PSI) report included a plea of guilty to aggravated discharge of a firearm in Illinois on July 18, 2021, for a crime committed in 2016. When sentencing McCray in this case, the Kansas district court scored his Illinois conviction as a person felony. McCray objected to his criminal history score arguing, among other things, that the Illinois conviction should have been scored as a nonperson felony rather than a person felony because the Illinois statute holding him accountable for the conduct of another was broader than the Kansas statute. The record included the Illinois charging document showing McCray was charged with aggravated discharge of a

firearm for the actions of his codefendant "undertaken in furtherance of a common criminal design or agreement by each defendant, acting together and in concert with each other and being legally accountable to each other."

The State responded that the Illinois conviction was properly considered a person felony for calculating McCray's criminal history score because the Illinois crime of aggravated discharge of a firearm is identical to or narrower than the Kansas crime of criminal discharge of a firearm. The district court agreed with the State.

On October 4, 2022, the district court sentenced McCray to 34 months in prison for unlawful possession of a controlled substance and 8 months in prison for criminal possession of a firearm by a felon. McCray appeals.

DISCUSSION

The sole issue on appeal is whether the district court correctly refused to consider the Illinois theory of liability for conduct of another when determining whether McCray's prior Illinois conviction should be classified as a person felony. McCray argues that because the district court's erroneous classification of his prior Illinois conviction as a person felony wrongly increased his criminal history score which resulted in an illegal sentence. According to McCray, his current sentence fails to conform to the applicable statutory provisions regarding the term of imprisonment. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015); K.S.A. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."). This court exercises unlimited review over questions of law involving statutory interpretation, including the district court's classification of McCray's prior Illinois conviction as a person felony. See *State v. Terrell*, 315 Kan. 68, 70, 504 P.3d 405 (2022) (appellate courts review statutory interpretation including prior offense classification de novo).

In preparation for sentencing, the offender's criminal history information is compiled to develop a PSI report which is used to determine the offender's criminal history score which impacts sentencing. See *State v. Roberts*, 314 Kan. 316, 320, 498 P.3d 725 (2021) (explaining the Revised Kansas Sentencing Guidelines Act (KSGA) sentencing requirements). Part of that criminal history score includes identification and classification of prior convictions, including out-of-state convictions. K.S.A. 2015 Supp. 21-6811(e)(1) ("Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history."). In accordance with the applicable statute at the time McCray committed the offense in this case (July 31, 2016), his criminal history score should include any conviction prior to sentencing in the current case. K.S.A. 2015 Supp. 21-6810(a) (requiring a criminal history to include any prior conviction "which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."). McCray's sentencing in this case was delayed until May 2022, so his criminal history score would include any conviction before that date—including his Illinois conviction for an offense he committed in 2016.

After determining that the district court should include McCray's prior Illinois conviction to calculate his criminal history score for sentencing in this case, this court must then undertake a two-step process to classify that prior conviction. See *State v. Smith*, 309 Kan. 929, 934-35, 441 P.3d 472 (2019) (explaining the State's process for classifying prior out-of-state convictions). Kansas courts first classify prior out-of-state convictions as either a felony or misdemeanor and then as a person or nonperson offense. K.S.A. 2015 Supp. 21-6811(e). There is no dispute that the prior Illinois conviction was a felony, but McCray disagrees with the district court's determination that it was a person offense.

The district court shall refer to "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction" when "designating a crime as a

person or nonperson." K.S.A. 2015 Supp. 21-6811(e)(3); see also *State v. Keel*, 302 Kan. 560, 589-90, 357 P.3d 251 (2015) (Classification of a prior conviction as a person or nonperson offense "is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed."). An out-of-state crime is comparable to a Kansas crime if the elements of the out-of-state crime are the same as or narrower than the elements of the Kansas crime being used for comparison. *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). Therefore, the district court needed to determine whether McCray's crime of conviction in Illinois—aggravated discharge of a firearm—is identical to or narrower than the comparable Kansas crime of criminal discharge of a firearm.

The Illinois charging document explains that McCray was charged with aggravated discharge of a firearm because he was "accountable for the conduct of previously indicted defendant [A.K.], who knowingly discharged" a firearm in the direction of a vehicle that McCray and [A.K.] knew was occupied by a peace officer." The charging document further explained that the "Aggravated Discharge of a Firearm was undertaken in furtherance of a common criminal design or agreement by [McCray and A.K.], acting together and in concert with each other and being legally accountable to each other, to commit the offense of Aggravated Discharge of a Firearm in the Direction of Another Person." McCray was not accused of discharging the firearm, but that his codefendant discharged the firearm. Moreover, the charging document includes citation to the statute for aggravated discharge of a firearm and the statute for accountability for conduct of another. 720 Ill. Comp. Stat. § 5/24-1.2(a)(2), (a)(4), and (b) (2012); 720 Ill. Comp. Stat. §§ 5/5-1 and 5/5-2 (2012).

In Illinois, a person may be held legally accountable for the conduct of another as follows:

"A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5-2, or both." 720 Ill. Comp. Stat. § 5/5-1.

"A person is legally accountable for the conduct of another when:

"(a) having a mental state described by the statute defining the offense, he or she causes another to perform the conduct, and the other person in fact or by reason of legal incapacity lacks such a mental state;

"(b) the statute defining the offense makes him or her so accountable; or

"(c) either before or during the commission of an offense, and with the intent to promote or facilitate that commission, her or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense.

"When 2 or more persons engage in common criminal design or agreement, any acts in the furtherance of that common design committed by one party are considered to be the acts of all parties to the common design or agreement and all are equally responsible for the consequences of those further acts. Mere presence at the scene of a crime does not render a person accountable for an offense; a person's presence at the scene of a crime, however, may be considered with other circumstances by the trier of fact when determining accountability." 720 Ill. Comp. Stat. § 5/5-2.

Illinois charged McCray under the "common design" rule, where two or more people "engage in a common criminal design or agreement." *People v. Perez*, 189 Ill. 2d 254, 267, 725 N.E.2d 1258 (2000) (Under the common design theory, "any acts in the furtherance of that common design committed by one party are considered to be the acts of all parties to the design or agreement and all are equally responsible for the consequences of the further acts."); *see* 720 Ill. Comp. Stat. § 5/5-2. Under this theory of liability, a defendant can be found accountable for—and thus guilty of—the underlying crime committed by a codefendant even if they did not possess the same intent to commit that crime. Illinois merely requires the defendants to intend to aid in the commission of some crime and then any act committed by one of the defendants "in the furtherance of" the agreed crime can be attributed to the other defendant. *Perez*, 189 Ill. 2d at 267-68; *People v. Williams*, 64 N.E.3d 1086, 1097-98 (Ill. App. Ct. 2016).

McCray contends that the district court should have determined whether the Illinois statute holding a defendant accountable for the actions of another was identical to or narrower than the comparable Kansas statute. According to McCray, because the Illinois statute allowing a defendant to be held accountable for the actions of another is broader than the Kansas statute extending criminal liability for actions of another, his Illinois conviction should be a nonperson felony.

However, in Illinois "[a]ccountability is not in and of itself a crime, but rather a method through which a criminal conviction may be reached." *People v. Stanciel*, 153 Ill. 2d 218, 233, 606 N.E.2d 1201(1992). Defendants are "not charged with the offense of accountability. Instead, they may be charged . . . with [a crime], with their guilt established through the behavior which makes them accountable for the crimes of others." 153 Ill. 2d at 233.

Kansas also has a statute allowing one defendant to be held criminally liable for the actions of another. K.S.A. 21-5210. The Kansas statute provides:

"(a) A person is criminally responsible for a crime committed by another if such person, acting with the mental culpability required for the commission thereof, advises, hires, counsels or procures the other to commit the crime or intentionally aids the other in committing the conduct constituting the crime.

"(b) A person liable under subsection (a) is also liable for any other crime committed in pursuance of the intended crime if reasonably foreseeable by such person as a probable consequence of committing or attempting to commit the crime intended.

"(c) A person liable under this section may be charged with and convicted of the crime although the person alleged to have directly committed the act constituting the crime:

(1) Lacked criminal or legal capacity;

(2) has not been convicted;

(3) has been acquitted; or

(4) has been convicted of some other degree of the crime or of some other crime based on the same act." K.S.A. 21-5210.

Like the Illinois statute, the Kansas aiding and abetting statute "is not a separate crime." *State v. Bodine*, 313 Kan. 378, 396, 468 P.3d 551 (2021). Rather, the statute "extends criminal liability to a person other than the principal actor." *State v. Robinson,* 293 Kan. 1002, 1038, 270 P.3d 1183 (2012). "The legislature has not differentiated between the penalty for aiding and abetting and the penalty for actions as a principal; . . . aiding and abetting does not constitute a separate crime in this state. It does not have to be charged separately prior to trial." *State v. Betancourt*, 299 Kan. 131, 140, 322 P.3d 353 (2014). In Kansas, the State is not required to charge a defendant with aiding and abetting the commission of a crime but may charge the defendant with commission of a crime and then, at trial, ask for an instruction on aiding and abetting. *Bodine*, 313 Kan. at 396-97.

McCray claims that the court should include the Illinois theory of liability in its comparison of McCray's prior conviction because it creates a circumstance where a defendant is convicted for an out-of-state crime under a theory for which they could not be convicted in Kansas. While this argument is theoretically and analytically interesting, it is irrelevant to McCray's sentencing here. In this case, in exchange for dismissal of several other felonies, McCray pled guilty to the Illinois crime of aggravated discharge of a firearm in violation of 720 Ill. Comp. Stat. § 5/24-1.2(a)(4). By pleading guilty to the Illinois crime of aggravated discharge of a firearm, McCray accepted criminal liability for the crime which eliminated the State's need to prove him liable for the actions of another.

McCray pled guilty to the crime of aggravated discharge of a weapon in Illinois. He was not convicted of a separate crime related to the theory of liability holding him accountable for the acts of another. McCray's plea constitutes an admission of guilt as to the elements of the crime, and when evaluating prior convictions, Kansas courts can rely

8

on that plea. See *People v. Feldman*, 409 Ill. App. 3d 1124, 1128, 948 N.E.2d 1094 (2011) ("A plea of guilty 'constitutes an admission of every fact alleged in an indictment,' as long as each fact admitted is 'an ingredient of the offense charged.'"); see also K.S.A. 22-3209(1) ("A plea of guilty is admission of the truth of the charge and every material fact alleged therein."); *State v. Morley*, 312 Kan. 702, 712, 479 P.3d 928 (2021).

When calculating a defendant's criminal history score, the court reviews and classifies prior criminal convictions—including out-of-state convictions—to determine the appropriate score. "Out-of-state *convictions* and juvenile *adjudications* shall be used in classifying the offender's criminal history." (Emphasis added.) K.S.A. 2015 Supp. 21-6811(e)(1). The statutes defining how courts classify an offender's out-of-state convictions to determine their criminal history score do not include consideration, classification, or comparison of the theory of liability supporting those convictions. See K.S.A. 21-6810 et seq. As in Kansas, in Illinois the theory of liability extending criminal liability for the acts of another are not separate crimes for which a defendant can be independently convicted. Moreover, McCray pled guilty to the crime of conviction which did not require the state of Illinois to prove the theory of liability. Therefore, when calculating McCray's criminal history score, the district court did not err when it refused to consider the Illinois theory of liability making McCray criminally liable for the conduct of another and supporting his conviction for aggravated discharge of a firearm.

McCray does not make an argument on appeal that the district court erred in determining that his Illinois conviction for aggravated discharge of a firearm was identical to or narrower than the Kansas crime of criminal discharge of a firearm. See 720 Ill. Comp. Stat. § 5/24-1.2(a)(4); K.S.A. 21-6308(a)(1)(B). Therefore, this court need not undertake such analysis.

CONCLUSION

The district court did not err by refusing to consider the Illinois theory of liability supporting McCray's conviction for aggravated discharge of a firearm. The court must consider and classify out-of-state convictions—but not uncharged theories of liability which are not separate crimes—when determining an offender's criminal history score.

Affirmed.